892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marta Alicia PALACIOS-DOMINGUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 88-7415.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1989.
Decided Jan. 3, 1990.
 
 Before ALDISERT,* TANG and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marta Alicia Palacios-Dominguez appeals from the Board of Immigration Appeals' (BIA) denial of her applications for asylum and withholding of departure. We affirm.
 
 DISCUSSION
 
 3
 A decision on an application for asylum requires "a determination of statutory eligibility based on the well-founded fear standard and then, if eligibility is established, a discretionary determination concerning asylum." Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988) (per curiam). The BIA concluded that Palacios-Dominguez failed to establish a well-founded fear of persecution. We review for substantial evidence to support that determination. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1579 (9th Cir.1986).
 
 
 4
 The Attorney General is authorized to grant a refugee political asylum if the alien can demonstrate a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1001(a)(42)(A). The standard has both a subjective and an objective component. Rodriguez-Rivera, 848 F.2d at 1001. "[T]he objective component requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Id. at 1002 (emphasis in original) (internal quotation omitted).
 
 
 5
 Although Palacios-Dominguez testified to a subjective fear of persecution, she has not demonstrated a reasonable basis for that fear. In evaluating reasonableness, we look for evidence such as "a specific verbal threat by the guerrillas directed at an individual whose identity and residence are known to the guerrillas," and we examine "the guerrillas' will or ability to carry out the threat." Id. at 1006. Here, the BIA found that (1) Palacios-Dominguez was never threatened by guerrillas; (2) she did not have any contacts with guerrillas; and (3) the deaths of her relatives were unrelated to her situation. These factual findings are supported by substantial evidence in the record as a whole and compel us to affirm the BIA's denial of asylum.
 
 
 6
 The BIA also reasoned that because Palacios-Dominguez failed to establish the necessary proof required for asylum, she also failed to satisfy the "clear probability of persecution standard" required for a withholding of deportation. We agree. See Diaz-Escobar v. INS, 782 F.2d 1488, 1491 (9th Cir.1986) (alien who fails to show a well-founded fear of persecution, a fortiori fails to meet the clear probability of persecution standard).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3